Morjal v. City of Chicago, Ms. Luce. Good morning. May it please the Court. Mr. Morjal accepted an offer of judgment against the defendants that included reasonable attorney's fees and costs accrued to date. After he was awarded fees for legal work up to the date of the offer's acceptance, Mr. Morjal sought and was granted an additional award of $2,000 for fee litigation that occurred after that date. This morning I will explain that that award of post-judgment fees was an abuse of discretion because it was foreclosed under the language of the offer of judgment. You know, here the offer of judgment required the defendants to, quote, allow reasonable attorney's fees. Now, although that could allow litigation over what fees are reasonable, the Court here found that the arguments went beyond that and included arbitrary, unsupported challenges with no objective basis. Don't such arguments violate the requirement to allow reasonable fees and therefore would fall outside the offer's limitation on fees? Well, because the offer provided for reasonable attorney's fees and costs accrued to date, so there was a time cutoff for that. So the analysis of whether or not fees for litigating those particular objections is beside the point because— No, I think maybe I didn't explain properly. In other words, by the offer's own language, couldn't the Court award fees here for litigation fees incurred by the defendant's failure to allow reasonable attorney's fees in good faith? Well, no, I don't think so because it fell to the Court to decide what those reasonable attorney's fees were. Those were objections that the City made and then the Court determined what were reasonable attorney's fees for the time period that was allowed. And didn't your offer say that it is inclusive of all claims that the plaintiff has or may have against the defendants arising from the incident or injuries in the plaintiff's complaint? Was it forward-looking? It was forward-looking in the sense that yes, that this offer of judgment would include other claims that arose from the same incident underlying the case, including any unnamed officers that weren't in the complaint. But nothing about that language, which doesn't mention attorney's fees, purports to undo the express language that is in paragraph 1 that does discuss attorney's fees. It doesn't really help you in your argument to say that fees on fees would not be included. It grapples with a different subject. Perhaps it doesn't help, but it certainly does not hurt. Paragraph 1 is the paragraph that expressly mentions attorney's fees and costs and expressly says fees accrued to date. These don't really look like fees. $2,000 doesn't look like a fee. The Lodestar method produced something like $16,000 in fees for the litigation of the fee issue, right? And yet only $2,000 was given. $2,000 was given according to the Court's rationale. It was referenced to unreasonableness in the objections and so forth. That sounds more like a sanction. And that's another problem. That's what this is. Section 1988 itself does not authorize fees for the pure purpose of sanctioning. No, but Rule 11 and 1927 do. There was never a Rule 11 motion brought in or those procedures complied with. There was no such motion. A court can on its own impose Rule 11 sanctions. And that's not what the district court did here. The district court made no explanation, no findings under Rule 11. There was no motion. There was no opportunity to respond to that sort of claim. But isn't there at least an implied obligation to act in good faith in establishing what fees are reasonable? There is an obligation, and Rule 11 governs that, to act in good faith. There's really no support for the notion that the defendants did not act in good faith. Except a judge felt that way. I agree that the court raised the court. We recognize that the district court found that the city had, in a couple of instances, been overly aggressive in response to a couple of particular objections to time spent on some interrogatories and reviewing of a document, which accounted for a few hours of time. But the rest of the opinion reflects that the city made valid objections and took an overall standard and good faith approach and made objections that were good enough to support a 25% reduction here, totaling about $7,000 off the original fee petition. But that was on that, and this is on this. Well, there's just no basis for the court to award fees purely on that basis when there's a Rule 68 offer of judgment that expressly includes a cutoff date. The language was clear, and the district court acknowledged that. The cutoff date was once the offer was accepted. I mean, what the court did was she limited the fee award to the time spent responding to litigation that she believed violated the terms of the offer itself, in that she believed that it went beyond good faith adjudication. Well, I don't believe that she said that violated the terms of the offer itself. She did raise a concern. The $2,000, according to the judge, is to compensate for time spent responding to challenges to the fees that were unsupported and improper. Now, what's your basis for thinking that the challenges that were unsupported and improper justify a $2,000 compensation? Right? That's the time spent in responding to these unsupported and improper challenges. I'm sorry, what is your question? Well, what's wrong with that? I mean, saying, you know, that you guys forced Moorjahl's lawyer to respond to unsupported and improper challenges, and his time was $2,000. So why isn't that a perfectly proper... Because here the... To make unsupported and improper challenges, you face a sanction, which happened to be very modest in just the lawyer's time. Why would you appeal something like this? I don't kind of begin to imagine that this could be a rational expenditure of city funds. Well, because fees were not sought as a sanction here, and we responded to them... The judge can impose sanctions without a lawyer's asking for them. Well, the motion here sought a fee... She says they're improper, made improper, unsupported challenges, and she's imposing a modest punishment, which is just compensating the lawyer who had to deal with your unsupported and improper challenges. Under this court's case law, under Rule 68, offers of judgment, the court is bound to the terms of the offer of judgment in deciding what... No, there's nothing about in Rule 68 that a judge can't sanction a lawyer for improper conduct arising out of a Rule 68 agreement. There is no finding that we didn't act in good faith. Improper and unsupported. Improper is not just mistaken. Improper is wrong. That's what she found. The court essentially bases concern, it's ruling, as I read it, as a concern about the potential for unduly dragging out litigation if defendants... Yeah, well, that's bad also. But what she says is improper... Any concerns about unduly dragging out litigation... For that, $2,000 is a quite reasonable sanction. And that sure sounds like a 1927 penalty. If you look back to the district court's initial fee award, those comments were just made with respect to two objections and were really nothing other than rejecting the city's arguments on those. I do not read the district court's order as a case... Well, I just read the last sentence. How about arbitrary with no objective standard provided as well as overly aggressive? I would also disagree that the district court was free to issue additional attorney's fees... No, that's wrong. ...under Section 1988. This is not 1988. A judge has inherent authority to sanction lawyers who misbehave in the judge's presence. You don't dispute that, do you? You want to dispute that? I don't read the district court's opinion as doing that. Well, I do. I read the district court's opinion as opening the door... And I don't understand why you're wasting the taxpayers' money with such an appeal. Since if you lose, it's going to be a real black eye for you. And if you win, what, you get $2,000 back. Well, actually, this decision takes on a greater significance to the city of Chicago. Now there's a decision on the books that plaintiffs are already using to support... Non-precedential. Non-precedential decision. Granted, non-precedential, but that doesn't stop plaintiffs from citing... That's not this decision. It's just our decision, though, isn't it? It's in the other case, right? Excuse me? It's in the other case that you're concerned about, the one that this judge referred to. In Guerrero or Glasswell? No, a district court case. It certainly wasn't a case that involved similar facts. So people are using this case before us as precedent for the award of 1988 fees on fees? Yes. Now, I understand that it's not precedent to this court. I understand that. In the meantime, the city of Chicago, we continue to make offers of judgment, and the district court's decision is used to exceed the terms of those offer of judgment. Maybe what you can do is set it out differently. Say, under no possible circumstances will this... Well, that would be... If the issue here were a district court's ruling on ambiguity and what was the language in our offer, that would be one thing. But that's not what the district court agreed that the offer of judgment set a cutoff date and then turned around and awarded fees for other reasons, notwithstanding that cutoff date. And so this decision is significant because when we make our offers of judgment, that affects the overall cost-benefits analysis. After all, that leads to more exposure. And in this case, while only $2,000 was awarded in the end... Well, you can agree on fees with the other side, can't you? Excuse me? You can agree on fees. Did we agree on fees? We made an offer to settle. You could, can't you? You can settle. We did. We made an offer of settlement for $16,000 before. You can agree on the fees also, right? Excuse me? You can agree with the plaintiff on the fees. We can agree, and we do make offers of settlement during this process. That certainly is one effort. In fact, the city made an offer to settle for $16,000, which came up about $1,200 less than what the plaintiffs were awarded on fees. And then plaintiffs asked for another $18,000 for fees on fees. Now, if our cutoff dates aren't going to be enforced, I realize the total amount here was $2,000, but it's very difficult for us to anticipate what our exposure will be if the district court is free to go beyond the terms of our Rule 68 offer. As plaintiffs acknowledge, plaintiffs and defendants are often very far apart in what are reasonable fees, and certainly we do make efforts to settle these.  The cutoff date for fees accrued to date. The plaintiffs take on the risk of litigating those fees and not being compensated by knowingly signing an agreement that clearly sets that date. I'm not sure they take on the risk of unreasonable behavior in response to their fee petition. I don't think you can, in advance, gain an immunity from that. Plaintiffs disagree with defendant's tactics, as do plaintiffs. The district court was equally harsh on plaintiffs in a couple of incidents, for example. Well, that shows fair-mindedness on her part. With the amount, yeah. It really shows with the amount. I'm sorry. Yeah. So she treated the parties equally. And we were forced to litigate against that sort of... No, you weren't forced to litigate anything. Well, we have an obligation to our client to ensure that we don't pay more than reasonable attorneys' fees. Okay, well, thank you, Ms. Luce. Ms. Hamilton? Good morning. May it please the Court? Good morning. And this doesn't sound like a fee to me at all. It sounds like a sanction. Well, I think that it's actually in keeping with... Okay, well, let's talk about it as a... Can we affirm this as a sanction? There was no notice that Rule 11 was in play or that 1927 was in play? Well, I think, as Your Honours just pointed out, under Section 1927, it is within the Court's inherent power to impose a sanction for vexatious or litigation practices... And isn't that your best argument here? Because there's no lodestar calculation. This $2,000 really just kind of drops out of the sky, doesn't it? Well, I could be mistaken, but I believe that precedent in this circuit, when you are seeking fees on fees, that it would not be an uncommon thing for you to only recover approximately 10% to 15% of what you're seeking. And in this case, that's pretty much right in line with what we got. Look, in essence... Sorry. ...it was solely for arguments that she believed went beyond a good-faith challenge to reasonableness. And therefore, she believed they were violations of the defendant's obligations under the offer of judgment. And isn't that the bottom line here? It appears that that could be her reasoning based on the opinion that we have to read. But it also could be interpreted, in my opinion, as approximately a little bit more than 10% of what the plaintiff... the hours that were expended pursuing a reasonable fee were awarded, which would be in keeping with this court's prior opinions on what a plaintiff's counsel should be able to obtain as a fee when you're seeking fees on fees. I think that something I would like to address before this court is it seems that what the city is asking this court to do is to issue a bright-line rule that an accepted offer of judgment is exactly the same thing as a settlement agreement. What they're attempting to do is they are attempting... They already have a great powerful tool in Rule 68 since the Merrick decision came down in 1985. What they want to do now is they want to take more power away from the district court to police these abuses of Rule 68 by writing an offer in such a way that it invites further litigation, and then that litigation must be engaged upon on plaintiff's end without compensation. An offer of judgment should not be... The defendant should not be able to use an offer of judgment in Rule 68 as a tool to create a non-negotiable offer of judgment because of, as this court has recognized in at least three opinions that I know of, that an offer of judgment is not the same thing as a settlement offer. A settlement offer is negotiated. Those of us that practice in the trial court treat the two things very differently. When I receive a settlement offer, it's something that could be negotiable. But once it's accepted, doesn't it become an actual contract? I do not think it should be treated as an actual contract, no. In this court, there's precedent that recognizes in this circuit that an accepted offer of judgment is not an ordinary contract precisely because of the consequences to the plaintiff's counsel. I've heard that about offers. I've read that about offers of judgments. But the accepted offer, then, I think becomes contractual, doesn't it? No, sir. I do not believe it does. And I cite to this court three cases. Three cases where there was an offer of judgment that was accepted where this court expressed that an accepted offer of judgment should not be treated the same way as a settlement because it is a completely different animal and because, since Merrick, it creates so much power in the defendants, this would essentially be taking power away from the district court and handing it to the defendants to write an offer of judgment. What is the practice with regard to fees in Rule 68 cases? So if the defendant, if the city makes an offer of judgment and the plaintiff accepts it, what then about fees? Well, it depends, I think, on what the offer of judgment says. In this case, it specifically contemplated further litigation. The offer of judgment contemplated further litigation. In the Nordby case, it did not. In the Nordby case, it actually set out an amount for the costs, which includes fees. I thought the offer here said that the amount is inclusive of all claims the plaintiff has or may have arising out of the incident or injuries. The offer specifically said, plus reasonable fees and costs to be determined by the court. So it specifically invites further litigation without compensation for the plaintiff's counsel. And the plaintiff is faced with this difficult situation of if I reject it, then I face possible working up through trial without compensation. Or if I accept it, then I have to work for the next year to establish a fee without compensation. And that's the problem with viewing an accepted offer of judgment just like a contract, because it's giving the defendants too much power to write this contract in such a way that is unfair. Was this $16,000 fee, is this an unusual amount expended to establish a fee? If it's a hotly contested fee petition, no, I do not believe it is. But I can tell you that it's not worth it for a plaintiff's counsel to file a supplemental fee petition, as I did in this case, usually because you're only going to be compensated in a small fraction when you're seeking fees on fees of your actual time spent. The only time that you're going to do it is when you've had this long battle that's taken a year in order to get your fees, where you've had to defend against unsupported and arbitrary challenges to your hourly rate or to your fees. In this case, the city objected to literally 88% of my billing entries. The district court judge went through 40 pages of objections and in the end awarded my office more than 200% of what the defendants argued that we should get. It was a battle that was unnecessary, it was a battle that was hotly contested, and it wasn't just the city. And the city's free to vigorously contest fees, and I'm sure the taxpayers would like it to vigorously contest fees. Well, not necessarily, because they have to pay salaries to their lawyers. True. But the problem is that when that is done, then plaintiff's counsel is entitled to compensation for having to work like that to establish the fee. When the city made its offer of judgment and mentioned reasonable fees, couldn't you have negotiated with them over what fees so you wouldn't have to get into... Are you talking pre-offer or post-offer, Your Honor? Pardon? Are you referring to a negotiation that would have occurred pre-offer of judgment or post-offer of judgment? Oh, I'm assuming, actually, post-offer of judgment. The offer of judgment, maybe it surprises you by the mention of reasonable attorney's fees. And couldn't you sit down with them and say, well, this is vague and leads to litigation and so on, why don't we agree? Here are my billing records, and you may not want to pay them all, but, you know, suggest something. Doesn't that happen in these cases? It does sometimes happen. In this case, I can tell you, and the record bears out, that actually a settlement demand was made prior to the issuance of the offer of judgment, and the only response from the city, rather than an attempt at negotiation, was to issue an offer of judgment. And if the city believes that the amount of the offer of judgment will fairly cover what a jury might award a plaintiff at trial, what would be their incentive to negotiate after they have issued an offer of judgment? They have already made a determination of what they consider might be awarded at trial. But they have an open-ended fee liability, if they say reasonable attorney's fees. Yes. And wouldn't they have an incentive to try to, I mean, they've offered the judgment, why don't they offer the attorney's fees? I don't know, and they could. They could have done it in the offer of judgment, specifically. And that would be conclusive, right? I believe so, yes. If you accept the deal. Yes, I don't think it would be another matter to discuss what happens if you reject it and go to trial. But that's for another appeal, perhaps. But, yes, that's not what happened in this case. And, in fact, the negotiation and the attempt to settle the fees was active and ongoing and actually took, is part of the reason why there were so many hours expended. The parties did try to settle. It's not in the record, but the parties were close at a point. But even the day before the fee petition was filed, the parties were still discussing settlement and could not settle it. And, therefore, the fee petition was filed. It was not an abuse of discretion. It seems that the city cannot prove to this court or show this court that Judge Lefkow abused her discretion or that no reasonable person could have interpreted or awarded plaintiff the modest $2,000 that plaintiff was awarded for 70 hours of work. We ask that you affirm Judge Lefkow's ruling. Thank you. Okay. Thank you very much, Ms. Allen. So, Ms. Luce, your time has expired, but you're going to have another minute if you have anything further. First of all, just to comment on, defendants do, of course, have an incentive to settle attorneys' fees under these situations. And, in fact, the city did attempt to do so here with a $16,000 offer before the fee petition was litigated. Now, with respect to the issue of the sanction, I would just like to point out that there was no notice that the court was considering a sanction instead of the type of fee petition that the plaintiffs advanced here. And, in fact, the court's position in its second fee petition about the city being overly aggressive was made in hindsight. If you look at the first decision, which is found at A9, this part at A9 in our appendix, it appears that the court is rejecting our arguments on those two particular points, not issuing a sanction at that point. And so it was made without notice or, you know, an opportunity for us to defend ourselves against whether or not that would be sanctionable conduct, which we certainly submit those were good faith arguments that the court clearly disagreed with. But that is not sanctionable. Okay. Well, thank you very much, Ms. Moose and Ms. Hamilton. And move to our next...